UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAUNDRA WHITE,

                               **Plaintiff,**

             v.                                     5:06-CV-617
                                                            (FJS/GHL)

VERIZON,

                               **Defendant.**
_____

**APPEARANCES**

**SAUNDRA V. WHITE**
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Currently before the Court is Plaintiff's amended complaint, *see* Dkt. No. 11, that she filed in accordance with this Court's July 19, 2006 Memorandum-Decision and Order, *see* Dkt. No. 8. In that Memorandum-Decision and Order, the Court noted that

> [a]ttached to Plaintiff's complaint is a letter, dated March 21, 2006, that details the determination of her former employer's Claims Review Committee denying her request for a Disability Pension and advising her that, because the Committee had denied her request, she had a right to bring a civil action under "section 502(a) of ERISA."

*See* Dkt. No. 8 at 2 (footnote omitted).[1]

---

[1] In its July 19, 2006 Memorandum-Decision and Order, the Court also noted in a footnote that

(continued...)

After reviewing Plaintiff's complaint in light of the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, the Court concluded "that Plaintiff [had] not set forth 'a short and plain statement of the claim' showing that she [was] entitled to relief. Plaintiff's complaint does not allege what Defendant did, how Defendant's actions harmed her, or when and where these events occurred." *See id.* at 4. Nonetheless, because of Plaintiff's *pro se* status, the Court provided Plaintiff with an opportunity to file an amended complaint to avoid dismissal of the action. *See id.*

The Court advised Plaintiff, however, that

> [a]ny such amended complaint, **which shall supersede and replace in its entirety the previous complaint that Plaintiff filed**, must contain a caption that clearly identifies, by name, each individual and/or entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. In addition, the body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph** and shall state the **factual** basis for Plaintiff's claims.

---

[1](...continued)
in her complaint, Plaintiff also references a right-to-sue letter issued in 1999. However, any claims that are based upon that right-to-sue letter would, in all likelihood, be time-barred. A complainant has ninety days from the date of receipt of the right-to-sue letter in which to commence an action in federal court. Notice of this time limitation is provided to the complainant in the right-to-sue letter. *See* 29 C.F.R. § 1601.28. Failure to file an action in federal court within the ninety-day period following receipt of the right-to-sue letter may result in dismissal of the action. *Cf. Greenridge v. Ben Hur Moving & Storage, Inc.*, No. 02-CV-1635, 2002 WL 1796812 (E.D.N.Y. Aug. 6, 2002). In addition, it appears that Plaintiff may have filed an action based upon that right-to-sue letter in 2000. *See* Civil Action No. 5:00-CV-1220.

*See* Dkt. No. 8 at 2 n.2.

*See id.*

On September 8, 2006, Plaintiff filed her amended complaint in compliance with the Court's July 19, 2006 Memorandum-Decision and Order. *See* Dkt. No. 11. In addition, on September 21, 2006, Plaintiff filed six packets of documents in support of her amended complaint. The Court has reviewed the amended complaint and these supporting documents and, for the following reasons, concludes that they do not comply with the requirements set forth in this Court's July 19, 2006 Memorandum-Decision and Order.

## II. DISCUSSION

Plaintiff's amended complaint is comprised of eighty pages of letters, notes, medical records, and miscellaneous documents. Many of these documents address events that occurred well outside the three-year statute of limitations. Moreover, nowhere in this compilation is there a complaint that sets forth the factual allegations supporting a claim that Defendant's denial of Plaintiff's disability pension in March 2006 was wrongful.

In addition, the six packets of documents that Plaintiff filed on September 21, 2006, are not helpful. Attached to each of these sets of documents are cover sheets setting forth allegations and arguments that each set of documents allegedly support. However, as with the documents that Plaintiff filed as her amended complaint, the allegations and events referenced in a majority of these documents relate to events that occurred well outside the three-year statute-of-limitations period and, in their totality, do not set forth a claim for relief relating to Defendant's alleged

wrongful denial of Plaintiff's application for a disability pension.[2]

Since none of the documents that Plaintiff has submitted as her amended complaint or in support of that amended pleading state a claim upon which this Court can grant relief, the Court must dismiss this action pursuant to 28 U.S.C. § 1915(e).

### III. CONCLUSION

After reviewing Plaintiff's amended complaint and the additional documents that she submitted in support of that amended pleading and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 5.4(a); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: December 11, 2006
       Syracuse, New York

                                                              Frederick J. Scullin, Jr.
                                                              Senior United States District Court Judge

---

[2] Packet No. 1 addresses events that occurred between December 1988 and October 1999; Packet No. 2 addresses events that occurred between March 1999 and May 2000; Packet No. 3 addresses events that occurred in 1999; Packet No. 4 addresses events that occurred in 1999; and Packet No. 5 addresses events that occurred in 1999.  Packet No. 6 contains the same March 21, 2006 letter that Plaintiff annexed to her original complaint and Plaintiff's recounting of the process that she went through to send documents to the Claims Review Committee.  However, there are no allegations that address Defendant's actual determination on Plaintiff's application for disability benefits or that state why that determination was wrongful.