UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAUNDRA V. WHITE,

                    Plaintiff,

                                                        5:06-CV-0617
v.                                                      (GTS/GHL)

VERIZON, f/k/a Bell Atlantic North,

                    Defendant.
_____

APPEARANCES:                              OF COUNSEL:

SAUNDRA V. WHITE
   Plaintiff, *Pro Se*
P.O. Box 7221
Syracuse, NY 13261

EPSTEIN BECKER GREEN                      MATTHEW T. MIKLAVE, ESQ.
   Counsel for Defendant
250 Park Avenue
New York, NY 10177-0077

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently pending before the Court in this *pro se* employment civil rights action, filed by

Saundra V. White ("Plaintiff") against Verizon f/k/a Bell Atlantic North ("Defendant"), are the

following three motions: (1) Plaintiff's motion to amend her Amended Complaint; (2)

Defendant's motion for summary judgment; and (3) Plaintiff's cross-motion for summary

judgment.  (Dkt. Nos. 43, 56, 62.)  For the following reasons, Plaintiff's motion to amend her

Amended Complaint is denied; Defendant's motion for summary judgment is granted; and

Plaintiff's cross-motion for summary judgment is denied.

## I.      BACKGROUND

Familiarity with the claims asserted in Plaintiff's Amended Complaint, the factual

background giving rise to those claims, her proposed amendment to those claims, and the record

evidence and legal arguments presented in Defendant's motion for summary judgment, is

assumed in this Decision and Order.

## II.     GOVERNING LEGAL STANDARDS

### A.      Motion to Amend

Plaintiffs' motion to amend is made pursuant to Fed. R. Civ. P. 15(a), which provides that

"leave [to amend] shall be freely given when justice so requires."  Fed. R. Civ. Proc. 15(a);

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir.

1993).  Elaborating on this standard, the Supreme Court has explained:

> In the absence of any apparent or declared reason–such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.–the leave sought should . . . be
> 'freely given.'

*Foman*, 371 U.S. at 182, *accord*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.

2001) ("[Leave to amend] should not be denied unless there is evidence of undue delay, bad

faith, undue prejudice to the non-movant, or futility.").

With regard to the undue-delay ground for denying such a motion, the Second Circuit has

held that "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion

in denying leave to amend the pleadings after the deadline set in the scheduling order where the

moving party has failed to establish good cause."  *Parker v. Columbia Pictures Indus.*, 204 F.3d

326, 340 (2d Cir. 2000).

With regard to the undue-prejudice ground for denying such a motion, while as a general rule permission to amend a complaint should be freely given, "'the trial court [is] required to take into account any prejudice' that might result to the party opposing the amendment." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (leave to amend denied where new claim concerned different period of time and different theory of recovery from original claim) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 [1971]). For example, in *Ansam Associates*, the Second Circuit held that permitting Plaintiff to allege a "new set of operative facts" would have been "especially prejudicial [to the defendant] given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment." *Ansam Associates*, 760 F.2d at 446.

With regard to the futility ground for denying such a motion, a court measures futility under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nettis v. Levitt*, 241 F.2d 186, 194 n.4 (2d Cir 2001); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In considering such a motion to dismiss, the Court accepts as true the plaintiff's factual allegations and draws all reasonable inferences in favor of him. *Board of Educ. of Pawling Cent. Sch. Dist. v. Schultz*, 290 F.3d 476, 479 (2d Cir. 2002). A defendant may base the dismissal on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2),[1] or (2) a challenge to the legal cognizability of the claim.[2]

---

[1]    *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1363 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under

3

Finally, it should be noted that, while Fed. R. Civ. P. 15(a) generally governs the

amendment of complaints, in the case of proposed amendments that seek to add new defendants

the Court must look also to Fed. R. Civ. P. 21.  *U.S. v. Chilstead Building Co.*, 96-CV-0641,

1997 U.S. Dist. LEXIS 18134, at *2 (N.D.N.Y.  Nov. 7, 1997) (McAvoy, C.J.) (citations

omitted).  Rule 21 states that a party may be added to an action "at any stage of the action and on

such terms as are just."  Fed. R. Civ. P. 21; *Chilstead,* 1997 U.S. Dist. LEXIS 18134, at *2.  Rule

21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for

some other reason, had not been made a party and whose presence as a party is later found

necessary or desirable."  *U.S. v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y.

---

Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether
the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain
statement that the pleader is entitled to relief.'").

[2]      *See Swierkiewicz*, 534 U.S. at 514 ("These allegations give respondent fair notice
of what petitioner's claims are and the grounds upon which they rest. . . .  In addition, they state
claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v.
McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice
requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim
upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of
course, none of this is to say that a court should hesitate to dismiss a complaint when the
plaintiff's allegation . . . fails as a matter of law.") (citation omitted); *Kittay v. Kornstein*, 230
F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s
requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient
information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab.
Litig.*, 2005 U.S. Dist. LEXIS 6686 (S.D.N.Y. Apr. 20, 2005) ("Although Rule 8 does not require
plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation
omitted); *Utility Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS
23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the
cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]);
*accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v.
Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002)
(identifying two sorts of arguments made on a Rule 12[b][6] motion – one  aimed at the
sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the
claims).

1962) (internal quotations omitted).  Addition of parties under Fed. R. Civ. P. 21 is guided by the

same standard as a motion to amend under Fed. R. Civ. P. 15.  *Chilstead,* 1997 U.S. Dist. LEXIS

18134, at *2; *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).

      **B.**      **Motion for Summary Judgment**

      Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court

must resolve all ambiguities and draw all reasonable inferences against the moving party.

However, when the moving party has met its initial burden of establishing the absence of any

genuine issue of material fact, the nonmoving party must come forward with "specific facts

showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).

      What this burden-shifting standard means when a non-movant has failed to respond to a

movant's motion for summary judgment is that "[t]he fact that there has been no [such] response

. . . does not . . . [by itself] mean that the motion is to be granted automatically."  *Champion v.

Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).  Rather, practically speaking, the Court must (1)

determine what material facts, if any, are *disputed* in the record presented on the movant's

motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed

warrants judgment for the movant.  *Champion*, 76 F.3d at 486; *Allen v. Comprehensive

Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R.

7.1(b)(3).  However, the non-movant's failure to respond to the movant's motion for summary

judgment lightens the movant's burden on the motion.

More specifically, where a non-movant has willfully failed to properly respond to a movant's factual assertions contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the factual assertions contained in that Rule 7.1 Statement will be accepted as true to the extent that those facts are supported by the evidence in the record. *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); N.D.N.Y. L.R. 7.1(a)(3); N.D.N.Y. L.R. 56.2.[3]

Similarly, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[4]  Stated another way, where a movant has properly filed a memorandum of law (in support of a properly filed motion for summary judgment), and the non-movant has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the movant's memorandum of

---

[3]     *See* Fed. R. Civ. P. 83(b) (allowing district court to regulate motion practice in any manner consistent with federal law and the federal rules); Fed. R. Civ. P. 83, Advisory Committee Notes: 1995 Amendments ("The proscription of [not enforcing a local rule in a way that causes a party to lose any right because of a nonwillful failure to comply] is narrowly drawn . . . [and does not] affect the court's power to enforce local rules that involve more than mere matters of form–for example, a local rule requiring parties to identify evidentiary matters relied upon to support or oppose motions for summary judgment.").

[4]     *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

6

law are *facially meritorious*.[5]  A movant's burden in making legal arguments that are facially

meritorious has appropriately been characterized as "modest."[6]

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving

party fails to adequately respond to a motion for summary judgment, a district court has no duty

to perform an independent review of the record to find proof of a factual dispute–even if that

nonmoving party is proceeding *pro se*.[7]  (This is because the Court extends special solicitude to

---

[5]     *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) [citations omitted]; *accord*, *Topliff v. Wal-Mart Stores
East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007)
(Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40
(N.D.N.Y. Feb. 12, 2007), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007)
(McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2
(N.D.N.Y. Dec. 19, 2006), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007)
(Kahn, J.).

[6]     *Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22,
2005) (Sharpe, J.; Peebles, M.J.) [citation omitted]; *accord*, *Saunders v. Ricks*, 03-CV-0598,
2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-
Recommendation); *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110
(N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments,
and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under
Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2
(N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but
recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the
reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2
(N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989,
1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.
Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[7]     *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations
omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14,
2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004)
(Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S.
Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for
summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe,
M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-
372 (N.D.N.Y. 2003) (Hurd, J.).

the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[8]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[9]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the

_____

[8]      *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant is not disadvantaged by the lack of legal training.  In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

[9]      *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

8

nonmoving party has willfully failed to properly respond to that statement[10]–even where the

nonmoving party was proceeding *pro se* in a civil rights case.[11]

## III.    ANALYSIS

### A.    Plaintiff's Motion to Amend Her Amended Complaint

Plaintiff's motion to amend (Dkt. No. 43) is denied on four alternative grounds.  First, the

motion is procedurally improper in that it fails to include a copy of the proposed Second

Amended Complaint, and an affidavit.  *See* N.D.N.Y. L.R. 7.1(a)(2),(4).  Second, Plaintiff's

motion to amend, filed on January 24, 2008, is untimely in that the deadline for filing motions

expired on September 20, 2006, and Plaintiff did not request, or show grounds for, an extension

of that motion-filing deadline.  (Dkt. No. 10.)  As a result, Plaintiff's motion to amend is denied

---

[10]    Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[11]    *See, e.g.*, *Hassig v. N.Y.S. Dep't of Envtl. Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455*, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1 n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1 n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

on the grounds of undue delay.  Third, permitting Plaintiff to bring a new defendant into this action at this late stage of the litigation, after discovery of this action has been completed and Defendant has filed a motion for summary judgment (and Plaintiff has filed a cross-motion for summary judgment), would result in undue prejudice to the proposed new defendant.  Fourth, and finally, Plaintiff's motion to amend is unsupported by a showing of cause in that the proposed amended claim–a claim against the United States of America arising out of the New York Workers' Compensation Board's alleged "obstruction of governmental provisions"–is futile.

> ## B.    Defendant's Motion for Summary Judgment

After carefully reviewing the entire file in this action (including the parties' motion papers and the record evidence), the Court finds that Plaintiff's Amended Complaint should be dismissed for each of the alternative reasons stated by Defendant in its memorandum of law: (1) the statute of limitations bars each of Plaintiff's claims; and (2) in any event, even if the statute of limitations does not bar Plaintiff's claims arising out of the denial of her application for disability pension benefits, those claims are barred because the denial of Plaintiff's application for disability pension benefits was not arbitrary or capricious.  (*See* Dkt. No. 56, Part 2, at 6-17.) The Court would add only five points regarding Defendant's first asserted ground for dismissal (i.e., their statute-of-limitations argument).

First, Plaintiff has willfully failed to admit or deny each of Defendant's factual assertions (in their Rule 7.1 Statement of Material Facts) in matching numbered paragraphs supported by a specific citation to the record where the factual issue arises, as is required by Local Rule

7.1(a)(3).[12]  (*Compare* Dkt. No. 56, Part 23 *with* Dkt. No. 60, Part 1.)  As a result, each of

Defendant's factual assertions in their Rule 7.1 Statement is deemed admitted by Plaintiff,

pursuant to Local Rule 7.1(a)(3).  The Court notes that, even if such facts have not been deemed

admitted, the Court has been unable to find in the record any evidence controverting any of the

facts asserted in Defendant's Rule 7.1 Statement.

Second, the relevant limitations periods are correctly recited by Defendants.  (Dkt. No.

56, Part 2, at 9-11.)  More specifically, the applicable limitations periods are follows: (1) 90 days

after receipt of "right to sue" notice for claims arising under Title VII of the Civil Rights Act of

1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities

Act; (2) one year for intentional tort and conspiracy claims; (3) three years for claims sounding

in negligence, or arising under 42 U.S.C. § 1983, New York State Human Rights Law, and the

Fair Labor Standards Act (for willful acts); (4) four years for claims arising under Section 1981;

and (5) six years for claims sounding in fraud and breach-of-contract, or arising under the

Employee Retirement Income Security Act.

Third, the applicable limitations periods began running on October 1, 1999.  This is

because Plaintiff's short-term disability benefits were expressly and unequivocally denied, and

---

[12]     The Court finds that Plaintiff's failure was willful for three reasons.  First,
Defendant gave Plaintiff adequate notice of her duty to comply with Local Rule 7.1(a)(3).  (*See*
Dkt. No. 56, Part 1, at 2-3.)  Second, on May 19, 2006, the Clerk's Office sent Plaintiff a copy of
the Northern District's *Pro Se* Handbook, which contains a notice of the consequences of failing
to properly oppose a motion for summary judgment, and refers to Local Rule 7.1.  (Docket Entry
for 5/19/06.)  *See also* United States District Court for the Northern District of New York *Pro Se*
Handbook, at 41-42, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf.
Third, on September 21, 2006, the Clerk's Office gave Plaintiff copy of the Northern District's
Local Rules of Practice, which contain a similar notification.  (Docket Entry for 9/21/06.)  *See
also* N.D.N.Y. L.R. 7.1(a)(3).

the appeals process was expressly and unequivocally finalized, on the same date: October 1, 1999.  (*See* Dkt. No. 58, Part 1, at 31,-32, 50-51 [Ex. 10 to Miklave Affirm., attaching copies of letter of October 1, 1999, from Bell Atlantic to Plaintiff, which concludes by stating, "The Bell Atlantic Benefit Appeals Committee is the Final Review Committee"], *accord*, Dkt. No. 58, Part 2, at 44-45; Dkt. No. 58, Part 3, at 10-11, 27-29.)  Furthermore, Plaintiff did not subsequently file, nor did Defendant subsequently consider, either another appeal or a request for reconsideration regarding Defendant's clear repudiation of her application for short-term disability benefits on October 1, 1999.

Fourth, even when construed with the utmost of special leniency, Plaintiff's claims against Defendant in this action–even her claims purporting to arise from the March 21, 2006, appellate denial of her application for a disability pension–hinge on the correctness of the October 1, 1999, appellate denial of her application for short-term disability benefits.[13]  This is because the appellate denial of March 21, 2006, was based on the express language of the Plan, which requires Plaintiff to have received 52 weeks of Short Term Disability Benefits, in order for her to receive Disability Pension Benefits.  Specifically, the relevant portion of the Plan clearly provides that, "Disability Pension [benefits] shall be payable . . . only after the Participant has received sickness benefits under the Participating Company's Sickness and Accident Disability Benefit Plan for 52 weeks . . . ."  (Dkt. No. 56, Part 15, at 37 [Ex. 9 to Miklave Affirm., attaching page "29" from relevant plan document].)

---

[13]     The Court notes that several of Plaintiff's claims, as alleged, implicitly or even expressly hinge on the correctness of the October 1, 1999, appellate denial of her application for short-term disability benefits.  (*See, e.g.*, Dkt. No. 11, Part 1, at 6-10, 12-16, 18, 21-22, 30, 36, 38 [Plf.'s Am. Compl., asserting claims arising out of events that occurred in 1999]; Dkt. No. 11, Part 2, at 29-30 [asserting claim arising out of events occurring in 1999].)

Fifth, the cases cited by Defendant support their argument that Plaintiff should not be, and is not, allowed to evade the applicable limitations period by casting her claims as new when in fact they are stale.  (*See* Dkt. No. 56, Part 2, at 7-8 & n.13.)  *See, e.g., Wesley v. NMU Pension and Welfare Plan*, 01-CV-2628, 2002 WL 10486, at *5 (S.D.N.Y. Jan. 3, 2002); *Union Pacific Railroad Co. v. Beckham*, 138 F.3d 325, 332 (8th Cir. 1998); *Martin Construction Laborer's Pension Trust*, 947 F.2d 1381, 1385 (9th Cir. 1991).

### C.      Plaintiff's Cross-Motion for Summary Judgment

Plaintiff's cross-motion for summary judgment (Dkt. No. 62) is denied on three alternative grounds.  First, Plaintiff's cross-motion is moot in that the Court already granted Defendant's motion for summary judgment.  Second, it is procedurally improper in that it is unsupported by a Rule 7.1 Statement.  *See* N.D.N.Y. L.R. 7.1(a)(3).  Third, it is without cause, for the reasons referenced above in Part III.B. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to amend (Dkt. No. 43) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 56) is **<u>GRANTED in its entirety</u>**, and Plaintiff's Amended Complaint (Dkt. No. 11) is **<u>DISMISSED in its entirety</u>**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 62) is **<u>DENIED</u>**.

Dated: October 15, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

13